**E-filed on** 12/18/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHEL BULLARD,<br><br>    Plaintiff,<br><br>    v.<br><br>ALLSTATE INSURANCE COMPANY and DOES 1-100,<br><br>    Defendants. | No. C-06-05550 RMW<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND<br><br>**[Re: Docket Nos. 5, 8, 12]** |

    Plaintiff Michel Bullard moves to remand this action to the Monterey County Superior Court. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

    This case arises from two automobile accidents involving Bullard, who is insured by defendant Allstate Insurance Company ("Allstate"). After the first accident, Bullard settled with the other driver for that driver's policy limit of $30,000. Compl. ¶ 14. Bullard submitted to Allstate an underinsured motorist claim for his policy limit of $100,000.[1] *Id*. After Bullard rejected Allstate's

---

[1] Allstate also insured the other driver in Bullard's second accident. Compl. ¶ 11. Bullard alleges that in defending that other driver, Allstate argued that the second accident did not significantly injure Bullard. Compl. ¶ 13. However, when defending against Bullard in his underinsured motorist claim from the first accident, Allstate allegedly took the opposite position and argued that "all

ORDER DENYING PLAINTIFF'S MOTION TO REMAND—No. C-06-05550 RMW
SC/JH

offer of $1,500, Bullard and Allstate arbitrated the underinsured motorist claim. Compl. ¶ 15. On November 22, 2004, the arbitrator issued Bullard an award of $139,500. Mot., Ex. B. Upon Allstate's petition, the Monterey County Superior Court reduced the arbitration award to $70,000 on April 1, 2005.[2] Def.'s Req. Judicial Notice, Ex. B.

On November 8, 2005, Bullard initiated this suit against Allstate in Monterey County Superior Court. Bullard served Allstate with the summons and complaint on November 22, 2005. Allstate answered December 12, 2005. During a meet-and-confer telephone conversation between Allstate and Bullard on August 21, 2006, Bullard indicated he sought damages over $75,000. Soares Decl. ¶ 5. Bullard signed a stipulation to that effect on August 23, 2006. Soares Decl., Ex. A. On September 11, 2006, Allstate filed a notice of removal. Bullard now moves to remand the action back to the Superior Court on the ground that Allstate's removal beyond the initial thirty-day limit after receiving the complaint was untimely under 28 U.S.C. § 1446(b).

## II. ANALYSIS

The procedure for removing a civil case to federal court is set forth in 28 U.S.C. § 1446, which allows a defendant to remove "any civil action" from a state court by filing a notice of removal in the district court. There are two thirty-day windows for removal:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . . If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

§ 1446(b). Thus, where the four corners of an initial pleading reveals the removability of the case, the thirty-day time limit for removal begins when defendant is served with the complaint. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006). Specifically, courts

---

plaintiff's injuries were caused by the second accident." Compl. ¶ 15. Bullard settled his claim from the second accident for $2,000. Compl. ¶ 13.

[2] Allstate based its petition to correct the arbitration award on the grounds that Allstate's liability did not exceed its policy limit of $100,000 and that the limit was offset by Bullard's $30,000 recovery from the first accident. In support, Allstate cited Cal. Ins. Code § 11580.2(f), Cal. Code Civ. Proc. § 1286.6(b), and *Campbell v. Farmers Ins. Exch.*, 67 Cal. Rptr. 175, 179 (1968).

adopt a "bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992).

However, where "such details are obscured or omitted . . . [such omission] makes the case 'stated by the initial pleading' not removable, and the defendant will have 30 days from the revelation of grounds for removal in an amended pleading . . . or other paper to file its notice of removal." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694-95 (9th Cir. 2005). Indeed, an "indeterminate" complaint does not impose on defendant a duty to investigate the necessary jurisdictional facts within the first thirty days of receiving the complaint. *Id.* at 697. Courts prefer such an objective analysis of the complaint because it "brings certainty and predictability to the process and avoids gamesmanship in pleading." *Id.*; s*ee also In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000) (such rule "prevents a plaintiff from disguising the amount of damages until after the thirty-day time limit has run to avoid removal to federal court").

The Ninth Circuit nonetheless commands that courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*). Removal may be improper in two types of cases: those in which the federal court lacks subject-matter jurisdiction and those with defects in the removal procedure itself. A defect in subject-matter jurisdiction can never be waived and may be raised at any time. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1264 (9th Cir. 1992). However, where the complaint does not state the amount in controversy, the district judge has discretion to accept additional evidence supporting satisfaction of the jurisdictional amount. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373 (9th Cir. 1997).

Both parties agree that the requirements for diversity jurisdiction exist in this case, namely that the "matter in controversy exceeds the sum or value of $75,000" and the parties are "citizens of different states." *See* 28 U.S.C. § 1332(a). What the parties disagree on, however, is whether Allstate's removal was timely under 28 U.S.C § 1446(b).

Bullard argues that his complaint reveals on its face that he seeks an amount greater than the

ORDER DENYING PLAINTIFF'S MOTION TO REMAND—No. C-06-05550 RMW
SC/JH                                                                                       3

1  requisite amount in controversy of $75,000, thereby triggering the first thirty-day period of
2  removal.  Bullard first argues that the complaint makes obvious he seeks at least the $69,500
3  difference between the initial arbitration award of $139,500 and the $70,000 Allstate later paid.
4  Bullard also argues that his allegations of additional damages — general damages for emotional
5  suffering, punitive damages, damages resulting from going through the arbitration process,
6  additional medical expenses, and interest on the $70,000 Allstate allegedly should have paid from
7  the beginning — clearly put Allstate on notice of the large jurisdictional amount sought.  Mot. at 8-
8  9.

9       In opposition, Allstate argues that since the complaint was indeterminate as to the amount of
10  damages, removal within thirty days of the parties' August 23, 2006 stipulation was timely.  Allstate
11  contends that the complaint does not indicate Bullard seeks at least $69,500.  Allstate reasons that
12  the complaint does not specify that the amount of the initial arbitration award was $139,500 or that
13  the Superior Court subsequently reduced that award to $70,000.  Opp'n at 5.  Allstate also argues
14  that the complaint both seeks various damages it could not recover as a matter of law and fails to
15  specify the amount of any damages sought.  *Id.* at 6-7.

16       Bullard's complaint contains four causes of action: breach of insurance contract, breach of
17  the implied covenant of good faith and fair dealing, misrepresentation, and intentional infliction of
18  emotional distress.  Compl ¶¶ 18-40.  Bullard alleges various damages including the costs of
19  arbitration, emotional distress damages, punitive damages, additional medical expenses, and lost
20  earnings.  *Id.* ¶¶ 21, 24-26, 32-33, 36-40.  Neither the substantive allegations nor the *ad damnum*
21  clause specify the amount of any type of damages sought.  *See id.* at 9.

22       The court concludes that Bullard's complaint does not affirmatively reveal that he seeks
23  damages in excess of the jurisdictional amount.  First, although the complaint alleges damages
24  from Allstate's breach of insurance contract, including the costs of arbitration such as attorneys' fees
25  and expenses from his delayed receipt of benefits, the complaint provides no indication as to the
26  amount of such damages.  *Id.* ¶ 21.  Allstate's likely awareness that the unpled amount of the initial
27  arbitration award was $139,500 is insufficient to put Allstate on notice that Bullard intended to seek
28  at least $69,500.  Indeed, courts have found that an amount in controversy was not obviously over

1  the jurisdictional amount, even where the complaint specifically pled $56,500 in contract damages
2  plus an unspecified amount of attorneys fees and punitive damages. *Conrad v. Hartford Accident*
3  *& Indem. Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998). Thus, Bullard's non-specific allegations of
4  damages arising from Allstate's breach of contract do not translate into an ascertainable amount
5  that puts Allstate on notice of removability.

6       Bullard's seeking of an unspecified amount of attorneys' fees also fails to put the damages
7  over the jurisdictional amount. In determining the amount in controversy, attorneys' fees may be
8  included if recoverable by statute or contract. *See id*. at 1199-1200. However, attorneys' fees
9  attributed to obtaining the portion of an award which exceeds the amount due under an insurance
10 policy are not recoverable. *Id.* (citing *Brandt v. Super. Ct.*, 37 Cal. 3d 813 (1985)). Since Allstate
11 had already paid Bullard his policy limit, Bullard's fee allegations would not necessarily have
12 included either incurred or future attorneys' fees from this lawsuit.

13      Next, Bullard's argument regarding "unlimited jurisdiction" also fails. Bullard argues that
14 because the complaint labeled his matter as one of "unlimited jurisdiction," Allstate could ascertain
15 that the compensatory damages exceeded $25,000. Compl. at 1. Bullard contends that Allstate
16 could then estimate that the punitive damages requested could be four times such amount, bringing
17 the amount in controversy to at least $100,000. Reply at 9. Indeed, a plaintiff may invoke the
18 unlimited jurisdiction of state court where there is more than $25,000 at issue. *See* Cal. Code Civ.
19 Proc. §§ 85-86; *Lamke v. Sunstate Equip. Co.,* 319 F. Supp. 2d 1029, 1031 (N.D. Cal. 2004). In
20 *Lamke*, the plaintiff specifically alleged emotional distress damages "in an amount in excess of the
21 minimum jurisdiction of the state court." *Id*. at 1031. Accordingly, the court found the
22 jurisdictional amount satisfied despite plaintiff's non-specific allegations of emotional and punitive
23 damages. *Id*. at 1033. Here, in contrast, Bullard's complaint does not allege that any one type of
24 damages sought invokes the state court's "unlimited jurisdiction." Indeed, the only place Bullard's
25 complaint mentions "unlimited jurisdiction" is above the caption of the complaint on the first page.
26 The court does not find that such label alone puts defendant on notice that Bullard seeks more than
27 $75,000.
28

1    Finally, Bullard argues that Cal. Code Civ. Proc. § 425.10(b) prohibits a plaintiff from
2 stating an amount of damages in personal injury suits such as this one.  Nevertheless, as Bullard's
3 complaint does not make readily apparent that the damages sought exceeds $75,000, the complaint
4 is indeterminate and did not trigger the first thirty-day limit on defendant's ability to remove the
5 case.  *See Harris*, 425 F.3d at 698 (finding that interpretation of 28 U.S.C. § 1446(b) as not
6 imposing on defendant duty to investigate guards against premature removals).  Allstate's removal
7 within thirty days of receiving confirmation that Bullard indeed sought damages over $75,000 was
8 timely pursuant to 28 U.S.C. § 1446(b).

### III.  ORDER

10    For the forgoing reasons, the court denies Bullard's motion to remand.

13    DATED:     12/18/06

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**A copy of this order was sent electronically on**   12/18/06   **to:**

**Counsel for Plaintiff:**

Mark Allen Cameron                    mcameron@fentonkeller.com

**Counsel for Defendant:**

Peter R. Soares                       psoares@sonnenschein.com
Cynthia L. Mellema                    cmellema@sonnenschein.com

Counsel are responsible for distributing copies of this order to co-counsel, as necessary.

ORDER DENYING PLAINTIFF'S MOTION TO REMAND—No. C-06-05550 RMW
SC/JH                                   7